# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 23-1980V

| | | |
|---|---|---|
| ANA ROMA SANTOS, | * | Chief Special Master Corcoran |
| Petitioner, | * | Filed: December 5, 2024 |
| v. | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| Respondent. | * | |

*Ana Roma Santos*, Concord, CA, *pro se* Petitioner.

*James Lopez*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION DISMISSING PETITION[1]

On November 13, 2023, Ana Roma Santos filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioner alleged that she developed Chronic Inflammatory Demyelinating Polyneuropathy, Central Nervous System Demyelinating Disorder, Transverse Myelitis, Multiple Sclerosis, stenosis, hair loss, migraines, and arthritis as a result of multiple unspecified vaccines administered in 2021 and 2022. Petition (ECF No. 1) at 2.

This matter has been plagued by Petitioner's repeated failures to respond, or adhere to, scheduling orders. On November 30, 2023, I issued an initial such order (a copy of which was mailed to the Petitioner) directing Ms. Santos to provide dates for a January 2024 status conference, and to do so on or before January 5, 2024. (ECF No. 7). Petitioner did not act, so I issued a second Order on January 17, 2024 (a copy of which was also mailed) instructing Petitioner

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

to immediately provide dates for a status conference, to be held sometime before the end of February. (ECF No. 9). Petitioner failed to comply with this Order as well.

As a result of her noncompliance, I dismissed the Petition on February 6, 2024. (ECF No. 10). In the interests of fairness, however, I withdrew that determination when Petitioner finally acted in compliance with my prior orders and contacted my chambers to schedule a status conference. *See* Order, dated February 26, 2024 (ECF No. 12). In that order, however, I warned Petitioner that the failure to comply with future orders risked a second dismissal. ECF No. 12 at 1.

Several months later, on May 23, 2024, after requesting an extension, Petitioner filed her medical records (ECF No. 18) (ECF No. 19). I held a status conference on August 7, 2024, and thereafter filed a Scheduling Order instructing Petitioner to file an affidavit or declaration, along with all remaining medical records, by September 30, 2024. *See* Scheduling Order (ECF No. 23). Petitioner failed to respond by this date, so I filed a second Order on October 8, 2024, instructing Petitioner to file a response to my 9/5/2024 Order. (ECF No. 24). On October 21, 2024, Petitioner filed a response to the Scheduling Order in the form of a declaration. (ECF No. 25).

Respondent thereafter filed his Rule 4(c) Report on November 13, 2024 (ECF No. 26) objecting to the claim on several grounds.[3] I subsequently reached out to Petitioner to set a follow-up telephonic status conference to discuss the claim. But although the status conference was set for November 25, 2024 – based on the parties' *specifically agreed-to choice of date* – Ms. Santos failed to appear. My chambers subsequently contacted Petitioner and Respondent's counsel a second time by email, and it was mutually agreed the conference could be rescheduled for the following day – November 26, 2024 – with dial-in information provided to both parties. However, Ms. Santos *again* failed to join the call.

Following this second failure to appear, I issued an Order directing Petitioner to contact my chambers by December 3, 2024, and provide her availability for the twice-missed status conference. *See* Order, dated November 26, 2024 (ECF No. 27). Once again, I warned Petitioner of the consequences of failing to adhere to orders issued in this matter. ECF No. 27 at 2. Petitioner contacted my chambers via email on December 3, 2024, and provided her availability. Based on Petitioner's choice of date, I scheduled a status conference for December 5, 2024 (ECF No. 28) and sent Petitioner a separate reminder via email. *A third time, Ms. Santos failed to join the call.*

Under Vaccine Rule 21(b), a special master may dismiss a petition for failure of the petitioner to prosecute or comply with any order of the special master. During the pendency of this case, Petitioner has repeatedly failed to respond to deadlines and attend status conferences set by my court orders. Thus, she is failing to prosecute the claim, and I have no reason to expect these

---

[3] The Rule 4(c) Report notes, for example, that Petitioner seeks to establish causation on the basis of vaccines not covered by the Program, such as the COVID-19 vaccine. ECF No. 26 at 3. He also observes that Petitioner's multiple sclerosis predated most of the dates she received covered vaccines. *Id.* at 3, 8.

failures will not mount if the matter goes forward. She also lacks the evidentiary support needed to substantiate her claim (since she would undoubtedly require an expert to establish causation).

Under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on her claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. Section 13(a)(1). In this case, there is insufficient evidence in the record for Petitioner to meet her burden of proof. Therefore, Petitioner's claim cannot succeed and must be dismissed. Section 11(c)(1)(A).

Accordingly, I hereby **DISMISS** Petitioner's case. In the absence of a motion for review filed pursuant to RCFC Appendix B, and pursuant to Vaccine Rule 21(b)(2), the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[4]

A copy of this Decision shall be sent via email to Petitioner at **arssantos@outlook.com**, and via First-class mail to the following address:

**Ana Roma Santos**
**5341 Forte Lane**
**Concord, CA 94521**
**(925) 323-2588**


**IT IS SO ORDERED.**

Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.

3